**United States District Court**
**Middle District of Tennessee**

Office of the Clerk
800 United States Courthouse
Nashville, Tennessee 37203
(615) 736-7396



E-Mail: Joyce_A_Brooks@tnmd.uscourts.gov
Web Site: www.tnmd.uscourts.gov

August 30, 2011

Clerk
U. S. District Court
Eldon B. Mahon U.S. Courthouse
501 West Tenth Street, Room 310
Fort Worth, TX 76102-3673

Re: TRANSMISSION OF RULE 5 DOCUMENTS
   USA v. Reginald Brown
   Northern District of Texas, Fort Worth Division, Case No. 4:11-CR-096-Y (23)
   Middle District of Tennessee Case No. 11-1070

Dear Clerk:

   Enclosed please find certified copies of Rule 5 paperwork for the above-reference case.

Sincerely,

Joyce A. Brooks
Criminal Docketing Clerk

Enclosures

# U.S. District Court
## Middle District of Tennessee (Nashville)
### CRIMINAL DOCKET FOR CASE #: 3:11-mj-01070 All Defendants
#### Internal Use Only

Case title: USA v. Brown

Date Filed: 08/19/2011
Date Terminated: 08/30/2011

---

Assigned to: Magistrate Judge Juliet E. Griffin

**Defendant (1)**

**Reginald Brown**
*Rule 5 to the Northern District of Texas at Ft. Worth*
*TERMINATED: 08/30/2011*
*also known as*
"Big Boy"
*TERMINATED: 08/30/2011*

represented by **Glenn R. Funk**
117 Union Street
Nashville, TN 37201
(615) 255-9595
Fax: (615) 259-2666
Email: glennfunk@bellsouth.net
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James H. Todd**
117 Union Street
Nashville, TN 37201
(615) 255-9595
Fax: (615) 259-2666
Email: jimtoddlaw@bellsouth.net
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

21:846; 21:841(a)(1) and b(1)(B); and 21:853(a)
Conspiracy to possess with intent to distribute a
controlled substance; Forfeiture allegation

**Disposition**

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee
By
Deputy Clerk

---

**Plaintiff**

**USA**

represented by **J. Alex Little**
Office of the United States Attorney (MDTN)

110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6577
Email: alex.little@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/19/2011 | 1 | Warrant issued in the Northern District of Texas at Fort Worth executed on 8/19/11 as to Reginald Brown. (Attachment: # 1 Sealed Redacted Superseding Indictment filed in the ND/TX at Fort Worth)(jb) (Entered: 08/19/2011) |
| 08/19/2011 | | Arrest (Rule 5) of Reginald Brown. (jb) (Entered: 08/19/2011) |
| 08/19/2011 | 2 | MOTION for Detention by USA as to Reginald Brown. (jb) (Entered: 08/19/2011) |
| 08/19/2011 | 3 | Minute Entry for proceedings held before Magistrate Judge Juliet E. Griffin: Initial Appearance in Rule 5(c)(3) Proceedings as to Reginald Brown held on 8/19/2011. Deft appeared with retained counsel Glenn Funk and Jim Todd. Deft advised of right to Rule 20 Transfer. Deft temporarily detained. Identity and Detention Hearing set for 8/24/11 at 3:00 PM. (Tape #G2011-110.) (jb) (Entered: 08/19/2011) |
| 08/19/2011 | 4 | ORDER OF TEMPORARY DETENTION as to Reginald Brown: Identity and Detention Hearing set for 8/24/2011 at 03:00 PM. Signed by Magistrate Judge Juliet E. Griffin on 8/19/11. (jb) (Entered: 08/19/2011) |
| 08/19/2011 | 5 | CJA 23 Financial Affidavit by Reginald Brown. (jb) (Entered: 08/22/2011) |
| 08/24/2011 | 6 | Minute Entry for proceedings held before Magistrate Judge Juliet E. Griffin:Detention and identity hearings held 8/24/2011 as to Reginald Brown. Deft detained on Motion by Govt 2 . Order to enter. (as) (Entered: 08/25/2011) |
| 08/24/2011 | 7 | WITNESS/EXHIBIT LIST prepared by Deputy Clerk at detention and identity hearings held 8/24/2011 as to Reginald Brown(as) (Attachments: # 1 Govt's Exhibit No. 1, # 2 Govt's Exhibit No. 2) (jb). (Entered: 08/25/2011) |
| 08/29/2011 | 8 | ORDER OF DETENTION as to Reginald Brown. Signed by Magistrate Judge Juliet E. Griffin on 8/29/11. (jb) (Entered: 08/30/2011) |
| 08/29/2011 | 9 | ORDER as to Reginald Brown Holding Defendant to Answer in the Northern District of Texas. Signed by Magistrate Judge Juliet E. Griffin on 8/29/11. (jb) (Entered: 08/30/2011) |
| 08/29/2011 | 10 | COMMITMENT TO ANOTHER DISTRICT as to Reginald Brown. Deft committed to the Northern District of Texas at Fort Worth. Signed by Magistrate Judge Juliet E. Griffin on 8/29/11. (jb) (Entered: 08/30/2011) |
| 08/30/2011 | 11 | Rule 5(c)(3) Documents Transmitted as to Reginald Brown to the Northern District of Texas at Fort Worth. (jb) (Entered: 08/30/2011) |
| 08/30/2011 | | (Court only) ***Case closed. (jb) (Entered: 08/30/2011) |

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 11-mj-1070 |
| | ) | |
| REGINALD BROWN | ) | |

## MOTION FOR DETENTION

　　　Pursuant to Title 18, United States Code, Section 3142, the Government moves to have the defendant detained pending proceedings in this matter on the basis that he may flee and constitutes a danger to the public. The Government moves for a continuance of three days in order to prepare for the detention hearing.

　　　Dated: August 19, 2011

Respectfully submitted,

JERRY E. MARTIN
United States Attorney for the
Middle District of Tennessee

BY:　_____

J. ALEX LITTLE
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
Phone: 615-736-5151

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By _____
Deputy Clerk

## MAGISTRATE JUDGE GRIFFIN COURTROOM MINUTES FOR CRIMINAL PROCEEDINGS

U.S.A. v. _Reginald Brown_ , No. _11-mj-1070_

ATTORNEY FOR GOVERNMENT: _Little_

ATTORNEY FOR DEFENDANT: _Glenn Funk + Jim Todd_  AFPD  Panel  Retained

PRETRIAL SERVICES/PROBATION OFFICER: _Rankin_

INTERPRETER NEEDED?  YES  (NO)  LANGUAGE/INTERPRETER: _____
☐ PRESENT  ☐ ON TELEPHONE

☒ INITIAL APPEARANCE  ☒ DEFENDANT ARRESTED ON: _8-19-11_
☐ DEFENDANT APPEARED ON A SUMMONS

DEFENDANT HAS A COPY OF: _NO/TX_
☐ Complaint  ☒ Indictment  ☐ Information  ☐ Supervised Release Pet.  ☐ Other _____
☒ Defendant advised of the charges and the maximum penalties
☒ Defendant has a copy of notice of rights  ☒ Has Read  ☐ Has Not Read
☒ Defendant advised of right to counsel  ☐ Counsel retained
☐ Defendant sworn and financial affidavit filed  ☐ FPD Appointed
☒ Defendant advised of right to silence
☒ RULE 5 -Defendant advised of right to identity hearing  ☐ Defendant waived identity hearing
☐ Defendant advised of right to preliminary hearing  ☐ Defendant waived preliminary hearing
☐ RULE 5 - Defendant reserved right to have hearing in District of Prosecution
☒ Government motion for detention
☒ Defendant temporarily detained  ☐ ICE detainer on defendant
☐ RULE 5 - Defendant elected to have hearing in District of Prosecution
☐ Defendant waived detention hearing/detained  ☐ Defendant reserved right to hearing in future
☐ Defendant to remain in Federal custody  ☐ Defendant to be returned to State custody
☐ Defendant ordered to psychological/psychiatric evaluation
☐ Defendant to remain on current conditions of supervised release
☐ Defendant released on:
    ☐ Own recognizance with conditions of release  ☐ standard  ☐ special
    ☐ Appearance bond in the amount of: _____
    ☐ Property bond [description of property]: _____
    ☐ Performance bond [as set out in conditions of release]
☒ RULE 5 - DEFENDANT ADVISED OF RIGHT TO RULE 20 TRANSFER
☒ PRELIMINARY/DETENTION/ARRAIGNMENT CONTINUED TO: _3:00, Wed, Aug 24_

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

BY _[signature]_
Deputy Clerk

☐ GRAND JURY WAIVED IN OPEN COURT  [Defendant sworn and advised of rights by Court]

☐ ARRAIGNMENT
    ☐ Defendant acknowledges he/she has copy of Indictment/Information
    ☐ Indictment/Information read to defendant by Judge  ☐ Defendant waives reading thereof
    PLEA: ☐ GUILTY  ☐ NOT GUILTY  ☐ Defendant intends to plead guilty and case referred to DJ

DATE: _8-19-11_  TOTAL TIME: _15 min_
BEGIN TIME: _2:32_  END TIME: _2:47_
TAPE NO.(S) _G2011-110_

Form Revised 8/8/2011  Page 1 of _1_

AO 470  (Rev. 8/85) Order of Temporary Detention

# UNITED STATES DISTRICT COURT

_____MIDDLE_____   District of _____TENNESSEE_____

| UNITED STATES OF AMERICA | **ORDER OF TEMPORARY DETENTION** |
| --- | --- |
| V. | **PENDING HEARING PURSUANT TO** |
| | **BAIL REFORM ACT** |

_____REGINALD BROWN_____       Case       No. 11-mj-1070
_Defendant_

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By_____
Deputy Clerk

Upon motion of the _____Government_____ , it is ORDERED that a

detention hearing is set _____Wed., August 24, 2011_____ * at ____3:00 p.m., Identity Hrg. is set for same time____
_Date_                                     _Time_

before _____**the Honorable Juliet Griffin, U.S. Magistrate Judge**_____
_Name of Judicial Officer_

_____in Courtroom No.764 , U.S. Courthouse, 801 Broadway, Nashville_____
_Location of Judicial Officer_

Pending this hearing, the defendant shall be held in custody by (the United States marshal) _____

_____ and produced for the hearing.
_Other Custodial Official_

Date: _____August 19, 2011_____                     _____
                                                                _Judicial Officer_

cc: AUSA Little
    Glenn Funk, Esq. & James Todd, Esq.
    Probation
    Marshal

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or
up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).
    A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present.  Subsection (1) sets forth the grounds that may be
asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government
or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or
threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

## MAGISTRATE JUDGE GRIFFIN COURTROOM MINUTES FOR CRIMINAL PROCEEDINGS

U.S.A. v. _Reginald Brown_ , No. _11-mj-1070_

ATTORNEY FOR GOVERNMENT: _Little_

ATTORNEY FOR DEFENDANT: _Funk_    AFPD    Panel    Retained

PRETRIAL SERVICES/PROBATION OFFICER: _Rankin_

INTERPRETER NEEDED?    YES   (NO)    LANGUAGE/INTERPRETER: _____
□ PRESENT        □ ON TELEPHONE

□ INITIAL APPEARANCE              □ DEFENDANT ARRESTED ON: _____
                                 □ DEFENDANT APPEARED ON A SUMMONS

DEFENDANT HAS A COPY OF:
□ Complaint □ Indictment □ Information □ Supervised Release Pet. □ Other _____
□ Defendant advised of the charges and the maximum penalties
□ Defendant has a copy of notice of rights          □ Has Read    □ Has Not Read
□ Defendant advised of right to counsel             □ Counsel retained
□ Defendant sworn and financial affidavit filed     □ FPD Appointed
□ Defendant advised of right to silence
□ RULE 5 -Defendant advised of right to identity hearing     □ Defendant waived identity hearing
□ Defendant advised of right to preliminary hearing          □ Defendant waived preliminary hearing
□ RULE 5 - Defendant reserved right to have hearing in District of Prosecution
□ Government motion for detention
□ Defendant temporarily detained                    □ ICE detainer on defendant
□ RULE 5 - Defendant elected to have hearing in District of Prosecution
□ Defendant waived detention hearing/detained       □ Defendant reserved right to hearing in future
□ Defendant to remain in Federal custody            □ Defendant to be returned to State custody
□ Defendant ordered to psychological/psychiatric evaluation
□ Defendant to remain on current conditions of supervised release
□ Defendant released on:
　　□ Own recognizance with conditions of release   □ standard   □ special
　　□ Appearance bond in the amount of: _____
　　□ Property bond [description of property]: _____
　　□ Performance bond [as set out in conditions of release]
□ RULE 5 - DEFENDANT ADVISED OF RIGHT TO RULE 20 TRANSFER

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee
By _____
Deputy Clerk

□ PRELIMINARY/DETENTION/ARRAIGNMENT CONTINUED TO: _____

□ GRAND JURY WAIVED IN OPEN COURT    [Defendant sworn and advised of rights by Court]

□ ARRAIGNMENT
　　□ Defendant acknowledges he/she has copy of Indictment/Information
　　□ Indictment/Information read to defendant by Judge    □ Defendant waives reading thereof
　　PLEA: □ GUILTY   □ NOT GUILTY    □ Defendant intends to plead guilty and case referred to DJ

DATE: _8-24-11_        TOTAL TIME: _1 hr + 21 min_
BEGIN TIME: _3:05_     END TIME: _4:26_
TAPE NO.(S) _G2011-113, 114_

Form Revised 8/8/2011          Page 1 of 2

UNITED STATES OF AMERICA v. *Reginald Brown*_____ NO. *11-mj-1070*

**☒ RULE 5 IDENTITY HEARING**
  ☒ Held, defendant found to be person named in warrant
  ☐ Held, defendant found NOT to be person named in warrant and released
  ☐ Waived in open Court

**☐ PRELIMINARY HEARING**          **CONTINUED TO:** _____
  ☐ Held to answer/bound over          ☐ Discharged from custody
  ☐ Defendant waived preliminary hearing
  ☐ RULE 5 - Held to answer in District of Prosecution
  ☐ RULE 5 - Defendant reserved right to have hearing in District of Prosecution

**☒ DETENTION HEARING**          **CONTINUED TO:** _____
  ☐ Government withdrew motion for detention or agreed to release
  ☒ Pretrial Services Report made a part of the record   ☒ Counsel moved to retain copy of PTSR/granted
  ☐ Bond set at: _____   ☐ Defendant released on [date]:_____
  ☐ RULE 5 - Defendant elected to have hearing in District of Prosecution
  ☐ Defendant waived detention hearing          ☐ Defendant reserved right to hearing in future
  ☒ Defendant detained, order to enter          ☐ ICE detainer pending
  ☒ Defendant to remain in Federal custody       ☐ Defendant to be returned to State custody
  ☐ Government moved for stay of execution of release pending appeal
        ☐ Motion granted          ☐ Motion denied
  ☒ Defendant advised of right to appeal

**☐ ARRAIGNMENT ON MISDEMEANOR**
  ☐ Defendant acknowledges he/she has copy of Indictment/Information
  ☐ Indictment/Information read to defendant by Judge   ☐ Defendant waives reading thereof
  **PLEA: ☐ GUILTY   ☐ NOT GUILTY**
  ☐ Misdemeanor - defendant consented to trial before Magistrate Judge
  ☐ Written plea agreement/filed in open Court   ☐ Oral plea agreement
  ☐ Guilty plea:     ☐ Accepted     ☐ Rejected     ☐ Taken under advisement

**☐ OTHER**
  ☐ Type of hearing and outcome: _____
  _____

**☐ DEFENDANT DID NOT APPEAR AS DIRECTED, BENCH WARRANT ISSUED**

_____
**NOTES/EVIDENTIARY MATTERS/SENTENCING:**     (Witnesses, Exhibits, Attach W/Ex List if necessary)

Page 2 of *2*

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

_____MIDDLE_____ DISTRICT OF _____TENNESSEE_____

UNITED STATES OF AMERICA

V.

REGINALD BROWN

## EXHIBIT AND WITNESS LIST

Case Number:  11-mj-1070

| PRESIDING JUDGE Mag. Judge Juliet Griffin | | | PLAINTIFF'S ATTORNEY AUSA Alex Little | | DEFENDANT'S ATTORNEY Glenn Funk, Esq. |
|---|---|---|---|---|---|
| TRIAL DATE (S) Identity and Det. Hrg. 8-24-2011 | | | COURT REPORTER taped: G2011-113, 114 | | COURTROOM DEPUTY Jeanne W. Cox |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| W1 | | 8-24-11 | | | TFO Gene Davis, DEA, Metro PD |
| E1 | | " | x | x | Copy of Photo of defendant, Reginald Brown |
| | W1 | " | | | TFO Gene Davis, DEA, Metro PD |
| E2 | | " | x | x | Affidavit of Arrest Warrant, Davidson County, 5/4/2011 |
| | W2 | " | | | Tonia Laster, defendant's sister |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By _____
Deputy Clerk

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of ___1___ Pages

CASE NO. _11 - mj - 1070_

_USA_

VS. _Reginald Brown_

PLAINTIFF'S EXHIBIT _1_

DATE _____ IDEN.

DATE _8-24-11_ EVID.

BY _jward_
        Deputy Clerk

GOVERNMENT
EXHIBIT
_1_



COMPLAINT NUMBER: 2011-0344100          WARRANT NUMBER: GS536936

PROSECUTOR: Shaun A Hardin
DEFENDANT: Reginald Alan Brown
VICTIM:

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
Weapon - Dangerous Felony - poss. of firearm w/intent
39-17-1324(a)

Personally appeared before me, the undersigned, **[Select one]** ___ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** ___ he ___ she **[Select one]** ___ personally observed ___ has probable cause to believe that the defendant named above on 05/03/2011 in Davidson County, *did unlawfully* possess a firearm with the intent to go armed during the commission of a felony drug offense.

and that *the probable cause is as follows*:

On 5/3/11, a search warrant was executed at the defendant's place of residence. During a search, a FEG 9mm loaded with 14 rounds was found under the mattress in the defendant's bedroom along with a large bundle of U.S. Currency. The defendant was mirandized and stated that the firearm was his and that he kept it "for protection." 210 grams of marijuana, 5 capsules of MDMA powder, and $151,112.00 U.S. Currency were also found in the residence. The defendant claimed the firearm and money, but not the drugs.

ESignature

_____
Prosecutor: Shaun A Hardin   0000010221
             200 James Robertson Parkway

             Nashville, Tennessee 37201

### A R R E S T   W A R R A N T

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense of Weapon - Dangerous Felony - poss. of firearm w/intent D FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 05/04/2011 00:24:50 .

_____

Thomas Edward Nelson
**Judge of the Metropolitan General Sessions Court/Commissioner**

1 of 1 pages

CASE NO. __11-mj-1070__

__USA__

VS. __Reginald Brown__

PLAINTIFF'S EXHIBIT __2__

DATE _____ IDEN.

DATE __8/24/11__ EVID.

BY __jurco__
                              Deputy Clerk

AO 386

1 of 1 pages

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. )   No. 11-mj-1070
)
REGINALD BROWN )

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U S District Court
Middle District of Tennessee

By _____
Deputy Clerk

ORDER OF DETENTION

An identity hearing and hearing on the government's motion for detention were held on August 24, 2011, at which time the Pretrial Services Report was made part of the record for the purposes of the proceeding,[1] DEA Task Force Officer Gene Davis testified, and Tonia Laster, the defendant's sister, testified on behalf of the defendant. The government also introduced two exhibits.

The defendant, age 41, is charged in a superseding indictment issued on August 10, 2011, in the Northern District of Texas along with 60 other defendants. The defendant is charged in two counts of the eight count indictment, specifically, with one count with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The conspiracy charged in count 1 is alleged to have occurred between April 21, 2011, and May 4, 2011, and the conspiracy charged in count 2 is alleged to have occurred between May 25, 2008, and July 12, 2011.

Officer Davis testified that a cocaine distribution investigation of the defendant had begun in this District in February of 2011. After the defendant was indicted in the Northern District of Texas, Officer Davis transmitted a photograph of the defendant, see Government's Exhibit 1, to the Texas case agent, who confirmed that the photograph was of the defendant named in the Texas indictment. On cross-examination, Officer Davis explained that the defendant's picture was

---

[1] Defendant's counsel advised that he was not able to concede that the 1997 offense of possession of cocaine for resale (Case No. 98-A-46) was correct and represented that there was a "good chance" that it was not accurate.

identified by alleged co-conspirators in the Texas case and at least one other person charged in separate criminal proceedings.

On the basis of Officer Davis' testimony, the Court found that the defendant was the same person charged in the indictment from the Northern District of Texas.

Upon examination by defendant's counsel, Officer Davis testified that he was not aware of any outstanding state warrants for the defendant, but that he was not aware of whether or not the defendant had appeared at all of his state court proceedings.

Officer Davis explained that, while the DEA was investigating the defendant, he did not realize that the state was also investigating the defendant, culminating in his arrest on state charges on May 4, 2011. He has since been made aware that the defendant's residence was searched on May 3, 2011, at which time a gun, one pound of marijuana, and $150,000.00 were found, and that the defendant admitted that the gun[2] belonged to him. The defendant was arrested on state drug and gun charges on May 4, 2011. Through Officer Davis, the government introduced Government's Exhibit 2, which includes an affidavit in support of probable cause for the defendant's arrest, relating that a FEB 9 milimeter gun, loaded with 14 rounds, was found under a mattress in the defendant's bedroom "along with a large bundle of U.S. Currency" and that "201 grams of marijuana, 5 capsules of MDMA powder, and $151,112.00 U.S. Currency" were also found in the residence, and that the defendant acknowledged that the firearm and the money were his but denied that the drugs belonged to him. Officer Davis testified that the defendant had two prior felony drug convictions.

Officer Davis also testified that, after the defendant was arrested in this case, a search of his residence revealed $40,000.00, and three boxes of vacuum sealed bags, which Officer Davis concluded were to be used for packaging or repackaging of drugs or currency to be "shipped back to the source." He also reported that the defendant had pre-paid credit cards on his person, which Officer Davis concluded were to transport money without its being traced. He also related that the

---

[2] Actually, Officer Davis testified that, after having spoken to Metro police officer(s) conducting the search, he "believed" that the defendant had admitted that "both of them [guns]" were his. However, the affidavit in support of the arrest warrant only refers to one gun.

2

telephone and electricity bills at his residence were not in his name but in the name of his girlfriend, Alisa Shaw.

Upon examination by defendant's counsel, Officer Davis conceded that his testimony that one pound of marijuana was found in the May 2011, search was inconsistent with the affidavit in support of the search warrant indicating that 210 grams of marijuana were found.[3]

Ms. Laster testified that she works for ICON Clinical Research, and that she lives with her husband, who is employed as an electrician at Belmont University, and her two sons, ages 13 and 14. She explained that she was away from her home from early morning to late afternoon or early evening five days a week and that her husband was gone from the house between 6:00 a.m. and 8:00 p.m. five days a week. She acknowledged that, during those times, there was no one in her home. She reported that she has between $50,000.00 and $60,000.00 in equity in her home that she would post as bond for the defendant. She was willing for the defendant to live with her and willing to serve as his third-party custodian. She also indicated that she has a telephone with a land line at her home and that she could remove its "features" to allow for electronic monitoring of the defendant, and that there are no guns in her home. She related that the defendant has two other sisters in the Nashville area, and that the defendant has "two sets" of children, and is an "active father" for the children comprising the "first set," ages 3, 11, and 13.

Ms. Laster acknowledged that she was generally aware of the defendant's criminal history, although she was not aware of every detail. For instance, she was aware that the defendant had been convicted of selling drugs and now knows that the drug was cocaine. She explained that she had overseen the estate of their uncle, who died 5-6 years ago and he had willed the gun, found during the search of the defendant's residence, to the defendant. Ms. Laster testified that, before his arrest, the defendant did "odd jobs," such as landscaping and cutting hair. When asked what legitimate reason a person would have to have $100,000.00 in cash, she responded that it would "depend on the person." Although she was not sure of the source of the total amount of cash, she explained that

---

[3] One pound is equivalent to 484 grams.

3

the defendant had received between $21,000.00 and $23,000.00 when his uncle died several years ago, and that, over 20 years ago, he had received money from the estates of his uncle and mother. Ms. Laster testified that, although she was not sure how he was able to save so much money, she asserted that it was "possible" and that she was not suspicious that he had $100,000.00 in cash.[4]

The Pretrial Services Report includes the defendant's criminal history, beginning in 1992, when the defendant was 22 years old, and he was charged, on two separate occasions, with possession of a cancelled driver's license and criminal trespassing. Those charges were later dismissed and retired, respectively. In 1993, the defendant, at age 23, was charged, on two separate occasions with driving on a suspended license. He was fined on the first charge, and sentenced to four days and fined on the second charge. In 1993, he was also charged with assault with bodily injury, which was retired for "failure to prosecute." In 1995, when the defendant was 25 years old, he was charged with criminal trespassing, given a 30 day suspended sentence and fined. In 1996, when the defendant was 26 years old, he was again charged with driving on a suspended license and fined.

It was not until 1997, at age 26, that the defendant was charged with a serious crime, specifically with possession of cocaine for resale and sale of cocaine. The Pretrial Services report reflects that, in September of 1998, the defendant was sentenced to eight years, which were suspended and he was placed on probation for eight years on the possession for resale count, and the sale of cocaine count was dismissed. These are the charges and conviction that the defendant disputes.

However, there does not appear to be any dispute that, in 1999, when the defendant was 29 years old, he was charged with possession with intent to distribute .5 grams or more of a Schedule II controlled substance, and possession of a controlled substance in state court. In July of 2000, he was sentenced to three years custody on each count, which was suspended and he was placed on

---

[4] Counsel for the government questioned Ms. Laster about $100,000.00, although over $150,000.00 was located in the defendant's home in May and $40,000.00 was found in his home during the more recent search.

community corrections for three years. At same unknown point, a violation warrant issued, and in March of 2001, the defendant was found to have violated the terms of his community corrections, and he was sentenced to time served and placed back on Community Corrections. Another violation warrant issued at some unknown time, and the defendant was found to have violated the terms of his community corrections in June of 2001, and his original sentence was placed into effect. His sentence expired in April of 2002.

On June 1, 2000, now age 30, he was charged with criminal impersonation, but the Grand Jury issued a no-true bill, and with driving on a revoked license, which was dismissed.

While on bond on the prior drug charge, in May of 2001, at age 31, the defendant was charged with delivering or manufacturing drug paraphernalia, possession with intent to distribute a schedule VI controlled substance, possession with intent to distribute .5 grams or more of a Schedule II controlled substance, and being a convicted felon in possession of a weapon. These charges may have led to the June 2001 community corrections revocation, but that is not clear from the Pretrial Services report. In any event, those charged were dismissed in March of 2002.

On June 8, 2003, at age 33, the defendant was charged with two separate charges of driving on a revoked license. Both charges were dismissed upon payment of costs. In April of 2006, the defendant was charged in three separate charges of driving on a revoked license, all of which were dismissed.

It was not until almost eight years later in April of 2011, that the defendant was again charged with driving with a suspended license, which was dismissed. Finally, in May of 2011, the defendant was charged in state court with possession with intent to distribute a Schedule VI controlled substance, possession with intent to distribute a Schedule I controlled substance, unlawful use of drug paraphernalia, and two counts of being a dangerous felon in possession of a weapon.[5] Those

---

[5] The fact that the defendant was charged with two counts of being a convicted felon in possession of a firearm tends to support Officer Davis' testimony suggesting that two guns were found in the search. See n.2 supra.

5

charges resulted from the May 3, 2011, search described above, and have been bound over to the Grand Jury.

Counsel for the government argued that the defendant had not overcome his burden to rebut the presumption in favor of detention, and that, even if he had, the defendant is charged with a very serious crime, during the course of which he possessed a handgun.  He emphasized that, while charges were pending against him in state court, $40,000.00 cash and drug paraphernalia were found at his residence, with no explanation of the source of such funds and no evidence that they were proceeds from legitimate employment.  Counsel for the government also expressed concerns about the defendant's sister serving as his third-party custodian because she appeared to exhibit "willful blindness" about the large amount of cash found in his residence, because she gave him a gun from their uncle's estate despite the fact that he was a convicted felon, and because no one would be home during the day to supervise the defendant.

On the other hand, defendant's counsel emphasized that no drugs were found during the recent search of the defendant's residence, and that the defendant is not a flight risk, having made bond in his state case and having appeared for proceedings in that case as well as in the state forfeiture action.  He argued that his being home alone in the day time did not pose a significant risk because he could be on electronic monitoring, and that third-party custody, electronic monitoring and home detention should be adequate to ensure that the defendant would not be a risk of flight or danger to the community.

The defendant faces a rebuttable presumption in favor of detention inasmuch as the Grand Jury found that there was probable cause to believe that the defendant committed an offense under the Controlled Substances Act for which the maximum sentence is 10 years or more. See 18 U.S.C. § 3142(e).  The Court found that the defendant rebutted the presumption by meeting his burden of production by the testimony of his sister. See United States v. Guerra-Rodriguez, 59 F.3d 171, 1995 WL 378552 (6th Cir. 1995)(unpublished); United States v. Hazime, 762 F.2d 34 (6th Cir. 1985);

6

United States v. Portes, 786 F.2d 758 (7th Cir. 1985). However, the presumption remains a factor to consider along with the statutorily enumerated factors set forth in 18 U.S.C. § 3142(g).

The Court further found that there was no proof that the defendant would be a risk of flight if released. However, the Court found, by clear and convincing evidence, that there were no conditions of release that could be imposed that would reasonably assure the safety of the community if he were released. The defendant's possession of large sums of cash indicates that he has been involved with major drug transactions. After over $150,000.00 in cash was located during a search of his residence in May of 2011, a recent search of his residence revealed another $40,000.00 in cash. The clear implication is that the defendant has continued to be involved in illegal activity, despite his knowledge of the results of the May 2011 search and the serious pending state charges against him. There was absolutely no proof that the amount of money seized from his residence on two occasions came from any legitimate sources. Whether or not Ms. Laster knew that the defendant cannot possess a gun as a convicted felon, the defendant himself knew, at least by 2001, when he was charged with being a felon in possession of a weapon, that he could not have a gun as a convicted felon--whether that gun was a family heirloom or not. The fact that the gun was loaded and was located under his mattress clearly indicates that the defendant intended to keep it close in case he wanted to use it, not that he wanted to preserve the gun as a family heirloom. The defendant's apparent behavior since he has been on release on state criminal charges appears to track his inability to comply with conditions of release when he was on community corrections in 2000 and 2001.

The Court agrees with the government that Ms. Laster would not be an appropriate third-party custodian. Neither she nor her husband nor any other adult would be present during a substantial portion of the week. Although defendant's counsel suggests that their being gone is immaterial because the defendant could be on electronic monitoring, the fact that a defendant is monitored does not mean that he cannot transact illegal business from his home. Although Ms. Laster and her husband appear to be upstanding members of the community, the Court agrees with the government that she may have turned a blind eye to the defendant's criminal activity and

appeared too willing to suggest explanations for his possession of large sums of money that, under the circumstances, simply did not make sense. The role of a third-party custodian is to approach a defendant with a healthy sense of skepticism, not to accept a defendant's explanations or to conjure up facile excuses.

The government's motion for detention (Docket Entry No. 2) is GRANTED, and the defendant shall be removed to the Northern District of Texas, detained pending trial in that District, and be committed to the custody of the Attorney General for confinement in a corrections facility, separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. While so detained, the defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is detained shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding in this case.

Any party aggrieved by this order may seek review as provided in 18 U.S.C. § 3145.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

8

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 11-mj-1070 |
| | ) | |
| REGINALD BROWN | ) | |

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By _____
Deputy Clerk

## ORDER HOLDING DEFENDANT TO ANSWER
## IN THE NORTHERN DISTRICT OF TEXAS

The defendant, Reginald Brown, was arrested in this District on a Warrant issued on or about August 10, 2011,[1] in the Northern District of Texas, Ft. Worth Division, ND/TX Case No. 4:11-CR-096-Y (23) charging him with violations of 21 U.S.C. §§ 846 [841(a)(1) and (b)(1)(B)].

**Section I.  Preliminary Proceedings:**

    _X_    Identity Hearing held _August 24, 2011_ and the Court finds that the Government established identity

    _X_    No Preliminary Hearing held because an indictment has been returned

**Section II.  Bond/Detention Proceedings.**

    _X_    Government moved for detention and a hearing was held on _August 24, 2011_. Defendant was detained and a detention order entered.

**IT IS HEREBY ORDERED:**

    _X_    That defendant be HELD TO ANSWER in the Northern District of Texas and let a Commitment to Another District issue to the U.S. Marshal, the Court having ordered the defendant detained.

It is **SO ORDERED.**

_August 29, 2011_
DATE

_Juliet Griffin_
JULIET GRIFFIN
United States Magistrate Judge

---

[1] The copy of the warrant provided to this Court is not dated, however, the redacted version of the Superseding Indictment is dated August 10, 2011.

✎ AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

MIDDLE      District of      TENNESSEE

| UNITED STATES OF AMERICA<br>**V.**<br><br>REGINALD BROWN | **COMMITMENT TO ANOTHER<br>DISTRICT** |
|---|---|

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 4:11-CR-096-Y (23) | 11-mj-1070 | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

     X Indictment    ☐ Information    ☐ Complaint    ☐ Other (specify)

**charging a violation of**    21    **U.S.C. §** 846

**DISTRICT OF OFFENSE**
NORTHERN DISTRICT OF TEXAS, Ft. Worth Division

**DESCRIPTION OF CHARGES:**

conspiracy to possess with intent to distribute a controlled substance

*ATTEST AND CERTIFY*
*A TRUE COPY*
*Clerk*
*U.S. District Court*
*Middle District of Tennessee*
*By _____*
*Deputy Clerk*

**CURRENT BOND STATUS:**

   ☐ Bail fixed at          and conditions were not met
   X Government moved for detention and defendant detained after hearing in District of Arrest
   ☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
   ☐ Other (specify)

| **Representation:**   X Retained Own Counsel    ☐ Federal Defender Organization    ☐ CJA Attorney    ☐ None |
|---|
| **Interpreter Required?**   X No    ☐ Yes      Language: |

**DISTRICT OF** TENNESSEE/MIDDLE

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

*August 29, 2011*            _____
Date                                United States Judge or Magistrate Judge

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

11-mj-1070

# United States District Court
## Northern District of Texas
### Ft. Worth Division

UNITED STATES OF AMERICA

v.

REGINALD BROWN
a/k/a "BIG BOY"

**SEALED WARRANT FOR ARREST**

CASE NUMBER: 4:11-CR-096-Y (23)

MAG. CASE NUMBER:

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   REGINALD BROWN a/k/a "BIG BOY"

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

[X] Sealed Indictment  [ ] Information  [ ] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with:

Conspiracy to Possess with Intent to Distribute a Controlled Substance; Forfeiture Allegation

in violation of Title   21

United States Code, Section(s)

846 (21 USC 841(a)(1) and (b)(1)(B); 21 USC 853(a)

Karen Mitchell, U.S. District Court Clerk
**Name and Title of Issuing Officer**

Jeff Cureton, United States Magistrate Judge

s/Edmund Dinh
**(By) Deputy Clerk**

_Karen Mitchell_
Signature of Issuing Officer

Ft. Worth, TX
Date                    Location

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

NASHVILLE, TN

| DATE RECEIVED 8/18/11 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| --- | --- | --- |
| DATE OF ARREST 8/19/11 | TFO C. MAGA | C Maga |

ISSUED

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By _____
Deputy Clerk