

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 14 2011
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § § | CAUSE NO. 4:11-CR-096-Y **(Plea to Indictment Returned August 10, 2011)** |
| REGINALD BROWN (23) a/k/a "Big Boy" | § § § § | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL
### PURSUANT TO F.R.C.P. 11(c)(1)(C)

Reginald Brown, also known as Big Boy ("Defendant"), Jeffrey Grass, Defendant's attorney, and the United States of America ("Government"), agree as follows:

1. <u>Rights of Defendant</u>: Defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. <u>Waiver of Rights and Plea of Guilty</u>: Defendant waives these rights and pleads guilty to the offense alleged in Count Two of the Superseding Indictment, charging

a violation of 21 U.S.C. § 846, that is, Conspiracy to Possess a Controlled Substance with the Intent to Distribute. Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. <u>Sentence</u>: As to Count Two, the penalties the Court can impose include:

    a. imprisonment for a period not less than ten years nor more than life;

    b. a fine not to exceed $10,000,000, or twice any pecuniary gain to the defendant;

    c. a mandatory term of supervised release of not less than 5 years which must follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture.

4. <u>Sentencing agreement</u>: Pursuant to Rule 11(c)(1)(C), FED. R. CRIM. P., the parties agree that the appropriate term of imprisonment in this case is 188 months. If the Court accepts this plea agreement, this provision is binding on the Court. Other than the agreed term of imprisonment, the Court remains free to determine the sentence it deems

appropriate, under the advisory United States Sentencing Guidelines.

5. <u>Rejection of agreement</u>: Pursuant to Rule 11(c)(5), FED. R. CRIM. P., if the Court rejects this plea agreement, Defendant will be allowed to withdraw his guilty plea. If Defendant declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6. <u>Mandatory special assessment</u>: Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. <u>Defendant's agreement</u>: Defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The Defendant agrees to forfeit any property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the offense described in Count Four, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to: a sum of money equal to $14,000,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense, for which the defendant is jointly and severally liable. The Defendant agrees to cooperate in the collection of the forfeiture money judgment from himself and all other conspirators.

The Defendant agrees to the entry of orders of forfeiture for the above described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding forfeiture proceedings. The Defendant also waives all challenges (constitutional, statutory, habeas) to the forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with its forfeiture or disposal. Further, the Defendant agrees not to make a claim or assert any interest in, contest, challenge, or appeal the administrative, civil, or criminal forfeiture to the United States of America of any property, real or personal, alleged as subject to forfeiture in the Superseding Indictment. The Defendant agrees the above-described property is subject to forfeiture under 21 U.S.C. § 853(a).

8.   <u>Government's Agreement</u>: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

9.   <u>Violation of Agreement</u>:   Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government

will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant waives objection to the use against him of any information or statements he has provided to Government and any resulting leads.

10. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. <u>Waiver of right to appeal or otherwise challenge or seek reduction in sentence</u>: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. He further waives his right to seek any future reduction in his sentence (*e.g.*, based on a change in sentencing guidelines or statutory law). Defendant, however, reserves the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel that influenced the voluntariness of the plea or waiver.

12.     <u>Representation of Counsel</u>:  Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

13.  **Entirety of Agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this  *3*  day of  *November* , 2011.

                                            SARAH R. SALDAÑA
                                            UNITED STATES ATTORNEY

_____        _____
REGINALD BROWN                                 JOSHUA BURGESS
Defendant                                             Assistant United States Attorney
                                                      Texas State Bar No. 24001809
                                                      801 Cherry Street, Suite 1700
                                                      Fort Worth, Texas 76102
                                                      Telephone:  817.252.5200
                                                      Facsimile:  817.978.3094

_____        _____
JEFFREY GRASS                                      MARK L. NICHOLS
Attorney for Defendant                              Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    11/3/11
REGINALD BROWN                                    Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____    11-3-11
JEFFREY GRASS                                        Date
Attorney for Defendant

**Plea Agreement**                                                                                           Page 8 of 8
U.S.A. v. Reginald Brown (23)
Case No. 4:11-CR-096-Y