ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 14 2011
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § CAUSE NO. 4:11-CR-096-Y |
| | § |
| REGINALD BROWN (23) | § |
| a/k/a "Big Boy" | § |
| | § |

## FACTUAL RESUME

### SUPERSEDING INDICTMENT:

Count Two – Conspiracy to Possess with Intent to Distribute a Controlled Substance (Violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A))).

### PLEA:

Count Two - Conspiracy to Possess with Intent to Distribute a Controlled Substance (Violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A))).

### PENALTIES:

On Count Two of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute a Controlled Substance (Violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A))), the court may impose the following penalties:

a. imprisonment for a period of not less than ten (10) years and not more than life in prison;

b. a fine not to exceed $10,000,000, or both fine and imprisonment;

c. a term of supervised release of not less than five (5) years; if the defendant

violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer. If the conditions of supervised release are revoked on multiple counts, the Court could order that the resulting terms of incarceration run consecutively to one another

d.  a mandatory special assessment of $100;

e.  costs of incarceration and supervision; and

f.  forfeiture.

### **ELEMENTS OF THE OFFENSE:**

In order to establish the guilt of the defendant of the offense of Conspiracy to Possess with Intent to Distribute a Controlled Substance (Violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A))), as alleged in Count Two of the Superseding Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

*First:*   That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute cocaine;

*Second:*   That the defendant knew of the unlawful purpose of the agreement; and

*Third:*   That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth:*   That the overall scope of the conspiracy involved 5 kilograms or more of a mixture or substance containing cocaine.

## **STIPULATED FACTS:**

The following facts, although accurate, are not all-inclusive of the defendant's offense conduct.

From prior to on or about May 25, 2008, and continuing until on or about July 12, 2011, in the Fort worth Division of the Northern District of Texas, and elsewhere, defendants **Juan Carlos Ferrer, Leonardo Gonzalez**, also known as Casper, **Alfredo Gonzalez**, also known as Gator, **Miguel Banda**, also known as Churro, **Gabriel Arredondo, Humberto Delgado**, also known as Chappo, **Steven Jermaine Spencer, Hugo Cordoba**, also known as Hugo Alberto Guadalupe Cordova De La Cruz and Grenas, **Reginald Brown**, also known as Big Boy, **Cristian Ocana**, also known as Cri Cri and Chilango, **Jose Alfredo Lagunas**, also known as Champion and Champi, **Oscar Ocana, Apolonio Longinos Ruiz**, also known as Polo, **Arturo Hernandez Guadarrama**, also known as Gerardo Guadarrama and Gordo, **Christopher George Chavez**, also known as Chris, **Monica Saenz**, also known as Bebe, **Aracely Caballero**, also known as Cely, **Roberto Torres Martinez**, also known as Roberto Torres, **Tiffany Taber, Ranulfo Martinez**, also known as Pinguis, **Jose Flores**, also known as Jose Flores-Valtierra and Pepon, **Alejandro Aragon Ceniceros, Oscar Morales Ramirez, Jasinto Ramirez, Miguel Angel Gonzalez, Jose Juvenal Quezada**, also known as Juve, **Cesar Enrique Mireles, Jose Dotar Sanchez, Diana Rangel**, and others, did knowingly and intentionally conspire, confederate and agree together and with each other to possess

with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, a violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A).

During the course of the conspiracy, the defendant resided in Nashville, Tennessee. He purchased cocaine from Hugo and Sergio Cordoba approximately every two weeks for more than two years. The average delivery of cocaine per trip was eight to ten kilograms. The cocaine would be transported from the Northern District of Texas and delivered to the defendant in Tennessee. On occasion, he would have the cocaine delivered by couriers working for Hugo and Sergio Cordoba. The defendant would provide the couriers with United States currency for the purchases and then the money would be returned to Texas. The defendant was personally responsible for the distribution of more than five kilograms of cocaine during the course of the conspiracy.

The amount of proceeds obtained as a result of the commission of the offense described in Count Two by the defendant and other conspirators was $14,000,000.00, an such amount was reasonably foreseeable during the conspiracy.

AGREED AND STIPULATED on this 3rd Day of November, 2011.

_____
REGINALD BROWN
Defendant

_____
JEFFREY GRASS
Attorney for Defendant