# United States District Court

## NORTHERN  DISTRICT  OF TEXAS
### Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case number: 4:11-CR-0096-Y (23) |
| | Joshua T. Burgess, assistant U.S. attorney |
| REGINALD BROWN | Jeffrey C. Grass, attorney for the defendant |

On December 14, 2011, the defendant, Reginald Brown, entered a plea of guilty to count two of the eight-count second superseding indictment filed on August 10, 2011.  Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A) | Conspiracy to Possess with Intent to Distribute a Controlled Substance,  a Class A felony | July 12, 2011 | Two |

The defendant is sentenced as provided in pages two through three of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 for count two of the eight-count second superseding indictment.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed April 9, 2012

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed April 11, 2012

Judgment in a Criminal Case
Defendant:  Reginald Brown                                                  Judgment -- Page 2  of  3
Case Number:  4:11-CR-0096-Y (23)

# IMPRISONMENT

The defendant, Reginald Brown, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 188 months on count two of the eight-count second superseding indictment.  The sentence imposed in this case shall run concurrently with any sentence imposed in Case No. 2011-C-2670 in Davidson County Criminal Court, Nashville, Tennessee, and in Case No. GS536933 in Davidson County General Sessions Court, Nashville, Tennessee.

The defendant is remanded to the custody of the United States marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years on count two of the eight-count second superseding indictment.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer in a manner and frequency directed by the Court or probation officer;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer;

Judgment in a Criminal Case
Defendant:  Reginald Brown
Case Number:  4:11-CR-0096-Y (23)

Judgment -- Page 3  of  3

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. probation officer;

participate in a program (inpatient and/or outpatient) approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use; abstain from the use of alcohol and all other intoxicants during and after completion of treatment; contribute to the costs of services rendered (copayment) at the rate of at least $25 per month;

participate in workforce development programs and services involving activities relating to occupational and career development including, but not limited to, assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program; and

make all court-ordered child support payments on a timely basis, producing proof of payment to the probation officer within the first five (5) days of each month, whether as a part of a written report required by his probation officer or otherwise.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## FORFEITURE

The Court further ORDERS that defendant forfeit to the United States of America, in accordance with 21 U.S.C. § 853(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(2)(A), a sum of money equal to $14,000,000 in United States currency, representing the amount of proceeds obtained as a result the offense in the second superseding indictment, or traceable thereto, for which the defendant is jointly and severally liable.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____

at_____ , with a certified copy of this judgment.

_____
United States marshal

BY _____
deputy marshal