1

```
IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF TEXAS
              FORT WORTH DIVISION


UNITED STATES OF AMERICA        .  CRIMINAL ACTION NO.
                                .  4:11-CR-096-Y-(23)
V.                              .
                                .  Fort Worth, Texas
REGINALD BROWN                  .  April 9, 2012
.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .
```

TRANSCRIPT OF PROCEEDINGS
(Sentencing Hearing)
BEFORE THE HONORABLE TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:              MR. JOSHUA T. BURGESS
                                 United States Attorney's Office
                                 801 Cherry Street, Suite 1700
                                 Fort Worth, Texas  76102-6897
                                 (817) 252-5200

For the Defendant:               MR. JEFFREY C. GRASS
                                 Attorney at Law
                                 Bank of America Tower
                                 101 E. Park Boulevard, Suite 600
                                 Plano, Texas  75074
                                 (214) 273-7290

Court Reporter:                  MS. ANA P. WARREN
                                 U.S. District Court Reporter
                                 501 W. 10th Street, Room 201
                                 Fort Worth, Texas  76102-3637
                                 (817) 850-6681

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

2

***P R O C E E D I N G S***

1

2       (Commencing, 9:35 a.m.)

3          THE COURT:  First before the Court this morning is

4    the sentencing of Reginald Brown.  This is Case Number

5    4:11-CR-096-Y-23.

6       Are the parties ready to proceed?

7          MR. BURGESS:  Good morning, Your Honor.  Josh Burgess

8    for the government.  We're ready.

9          MR. GRASS:  Good morning, Your Honor.  Jeffrey Grass

10   for the defendant.

11         THE COURT:  And you're ready?

12         MR. GRASS:  We're ready, Your Honor.

13         THE COURT:  All right.  Mr. Brown, would you please

14   acknowledge your presence in court for the record by stating

15   your full name?

16         DEFENDANT BROWN:  Reginald Alan Brown.

17         THE COURT:  Mr. Brown, you appeared before Magistrate

18   Judge Jeffrey Cureton on December 14, 2011, at which time you

19   entered a plea of guilty to Count 2 of the second superseding

20   indictment charging you with conspiracy to possess with intent

21   to distribute a controlled substance, in violation of 21,

22   United States Code, Sections 846 and 841(a)(1) and (B)(1)(a).

23      On that date, Judge Cureton found that your plea of guilty

24   was a knowing and voluntary plea supported by an independent

25   basis in fact containing each of the essential elements of the

3

1   offense.  You told him at that time that you understood the

2   elements of the offense, agreed to the accuracy of the factual

3   resume, and admitted that you committed all essential elements

4   of the offense.  Accordingly, on December 28, 2011, I entered

5   an order accepting your plea and adjudging you guilty of the

6   crime alleged in the second superseding indictment against

7   you.

8       This plea of guilty was taken pursuant to a plea

9   agreement, and I have reviewed that plea agreement and the

10  charge to which you have pled guilty, and I have determined

11  that that charge does adequately reflect the seriousness of

12  your actual offense behavior, so that accepting the plea

13  agreement will not undermine the statutory purposes of

14  sentencing.  Also, all relevant conduct has been taken into

15  consideration in the calculation of the total offense level.

16      Further, the agreed sentence departs from the applicable

17  guideline range for justified reasons.  Therefore, the plea

18  agreement is accepted, and the judgment and sentence will be

19  consistent with it.

20      Mr. Grass, did you and your client receive in a timely

21  manner a copy of the presentence report and the addendum to

22  the report?

23          MR. GRASS:  Yes, Your Honor, we have.

24          THE COURT:  And did you have an opportunity to review

25  those carefully with Mr. Brown?

4

1          DEFENDANT BROWN:  Yes, sir.

2          THE COURT:  And did the government receive those

3     timely?

4          MR. BURGESS:  We did, Your Honor.

5          THE COURT:  Then I'll now notify the parties of my

6     tentative findings as to the defendant's objections to the

7     presentence report.  All of the defendant's objections are

8     overruled for the reasons set out in the addendum.

9         Does the government have any objection or evidence

10    relating to my tentative finding?

11         MR. BURGESS:  No, Your Honor.  Thank you.

12         THE COURT:  Does the defendant?

13         MR. GRASS:  No, sir.

14         THE COURT:  Then I adopt as my final findings of fact

15    the statements of fact made in the presentence report subject

16    to and including changes and qualifications made by the

17    addendum to the report.

18        After having considered the conclusions expressed by the

19    probation officer as to the appropriate guideline calculations

20    and after having considered objections, I determine that the

21    appropriate guideline calculations are:

22        Total Offense Level 37.  Criminal History Category II.

23    Imprisonment range 235 to 293 months.  Supervised release

24    range five years, and a fine range of $20,000 to $10 million,

25    plus, the cost of imprisonment and supervision.

1      Mr. Grass, I intend to impose upon your client the agreed

2  on upon sentence.  Do you, nevertheless, wish to make any

3  remarks on his behalf?

4          MR. GRASS:  I do, Your Honor, and I would note for

5  the record that Mr. Brown's family is in the courtroom.  Some

6  of them would like the opportunity just to make a statement to

7  the Court if the Court will --

8          THE COURT:  Since it's an agreed sentence, I'm not

9  sure that it's necessary.  I will hear from them if they

10  insist, but it needs to be brief.

11      If you're here on behalf of Reginald Brown, would you

12  please stand?

13      Thank you very much for being here today.  It's important

14  for the Court to see that he has family support.

15      He's being given a remarkable reduction in his sentence,

16  the agreed sentence, and it helps me to approve that when I

17  know that he has family support, so that when he is released,

18  that he will be likely to live up to the terms of his

19  supervised release and to complete his sentence successfully.

20  Thank you very much for being here.

21          MR. GRASS:  The Court also has noted the personal

22  statement of Mr. Brown attached to the sentencing memorandum.

23  Other than the arguments set forth in the sentencing

24  memorandum, we have nothing further at this time, Your

25  Honor.

6

1          THE COURT:  All right.  Thank you.

2      Mr. Brown, do you wish to speak on your own behalf or

3  present any information in mitigation of your sentence?

4          DEFENDANT BROWN:  I would just like to say that I'm

5  sorry for everything I've done, and I'm sorry for what I'm

6  being charged with here today, and I want to say I'm sorry to

7  my family, and I'll never do this again.

8          THE COURT:  All right, sir.  Thank you.

9      Does the government wish to be heard?

10          MR. BURGESS:  No, Your Honor.  Thank you.

11          THE COURT:  I'll now state the sentence determined

12  pursuant to Title 18, United States Code, Section 3553(a),

13  treating the sentencing guidelines issued by the sentencing

14  commission as advisory only under U.S. v. Booker.

15      In arriving at a reasonable sentence, I've taken into

16  account primarily the conduct admitted by Mr. Brown in his

17  factual resume and those matters required to be considered by

18  Section 3553(a).

19      The attorneys will have a final chance to make legal

20  objections before sentence is finally imposed.

21      It is the judgment of the Court that the defendant,

22  Reginald Brown, in Cause Number 4:11-CR-096-Y-23, be committed

23  to the custody of the Federal Bureau of Prisons for a period

24  of 188 months.  A sentence of 188 months shall run

25  concurrently to any future sentence imposed in Case Number

1    2011C2670 in Davidson County Criminal Court, Nashville,

2    Tennessee, and in Case Number GS536933 in Davidson County

3    General Sessions Court, Nashville, Tennessee, which are

4    pending and related to the instant offense.

5        Restitution is not ordered because there is no victim

6    other than society at large.  I do not order a fine because

7    Mr. Brown does not have the financial resources or future

8    earning capacity to pay a fine, and there will be no cost of

9    incarceration as well.

10       I order that the defendant forfeit to the United States of

11   America, in accordance with 21, United States Code, Section

12   853(a)(1) and Federal Rule of Criminal Procedure 32.2B2A, a

13   sum of money equal to $14 million in United States currency

14   representing the amount of proceeds obtained as a result of

15   the offense in the second superseding indictment or traceable

16   thereto for which Mr. Brown is jointly and severally liable.

17       Upon release from imprisonment, Mr. Brown shall be on

18   supervised release for a term of five years.  While on

19   supervised release, he shall comply with the standard

20   conditions recommended by the sentencing commission and comply

21   with certain additional conditions that have been set out in a

22   separate order signed by me this day and offered to Mr. Brown

23   for his review and signature, and he has now returned that

24   order to me with his signature indicating his receipt of the

25   additional terms, his understanding of them, and his waiver of

1   having them read here in open court.  It's further ordered

2   that he pay a mandatory special assessment of $100.

3        In determining the sentence, I've considered the advisory

4   guidelines, as well as statutory directives listed in 18, USC,

5   Section 3553(a).  A sentence of 188 months is the sentence

6   agreed to in the binding plea agreement, and I conclude that

7   it is sufficient but not greater than necessary to achieve the

8   Court's sentencing objectives of punishment, deterrence, and

9   protection of the public.

10        I've now stated the sentence and the reasons therefore.  I

11  call upon the parties to indicate any legal reason why

12  sentence may not be imposed as stated?

13             MR. BURGESS:  None from the government, Your Honor.

14             MR. GRASS:  None from the defense, Your Honor.

15             THE COURT:  Sentence is then imposed as stated.

16        Mr. Brown, you have waived your right to appeal your

17  sentence and to -- you've waived your right to appeal your

18  sentence, to complain of it in a collateral proceeding, and to

19  seek any further reduction in your sentence, except pursuant

20  to Federal Rule of Criminal Procedure 35.  However, you have

21  reserved from those waivers the right to challenge on appeal

22  or in a collateral proceeding the voluntariness of your plea

23  of guilty and/or your waiver of appellate rights, and the

24  right to complain of any ineffective assistance of counsel

25  that influenced the voluntariness of your plea of guilty or

9

1    your waiver of appellate rights.

2       If you decide to appeal on any ground, you do have the

3    right to apply for leave to appeal in forma pauperis.

4       Do you have any questions, sir?

5           DEFENDANT BROWN:  No, sir.

6           THE COURT:  Then you're remanded to the custody of

7    the United States Marshal.  Good luck --

8           MR. GRASS:  Your Honor?

9           THE COURT:  Yes, sir.

10           MR. GRASS:  May I ask that the Court consider

11    recommending that Mr. Brown be placed near his family, which

12    is Nashville, Tennessee, consistent with his classification by

13    the Federal Bureau of Prisons?

14           THE COURT:  That is already in the BOP rules.  So I

15    don't need to make a recommendation.

16           MR. GRASS:  Thank you.

17           THE COURT:  Yes, sir.

18       (End of proceedings, 9:45 a.m.)

19

20                         -oOo-

21

22

23

24

25

10

<u>CERTIFICATE</u>

1

2      I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter, and
3  that the transcript was prepared by me and under my
supervision.

4

s/  Ana P. Warren                           May 29, 2012
5  Ana P. Warren, CSR #2302                      Date
U.S. District Court Reporter

6

7                              -oOo-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25